OPINION
{¶ 1} Defendant-appellant, Troy Pelletier, appeals the consecutive sentences imposed upon him by the Allen County Court of Common Pleas following his guilty plea to multiple counts of Trafficking in Crack Cocaine, Possession of Crack Cocaine and Permitting Drug Abuse, all felonies of the fourth and fifth degree.
 {¶ 2} On February 12, 2004, appellant was indicted on four counts of Trafficking in Crack Cocaine, one count of Permitting Drug Abuse and one count of Possession of Crack Cocaine. Initially, appellant pleaded not guilty to all counts, but on September 16, 2004, appellant entered a negotiated plea of guilty. Pursuant to the plea agreement, two counts of Trafficking were amended from felonies of the third degree to felonies of the fourth degree.
 {¶ 3} A sentencing hearing was held on November 2, 2004. Appellant was sentenced as follows: count I, trafficking, fourth degree-twelve months; count II, trafficking, fourth degree-twelve months; count III, trafficking, fourth degree-twelve months; count IV, permitting drug abuse, fifth degree-nine months, count V, trafficking, fifth degree-nine months; and count VI, possession, fifth degree-nine months. The trial court ordered counts III and IV to be served concurrently and ordered counts V and VI to be served concurrently. The trial court further ordered that the prison terms imposed in count I, count II, counts III and IV together and counts V and VI together were to be served consecutively, for a total prison term of forty-five months.
 {¶ 4} Appellant now appeals the imposition of this sentence and sets forth two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. 1 The trial court erred in sentencing the Defendant by imposingconsecutive sentences, in violation of R.C. 2929.14(E)(4).
 {¶ 5} Appellant argues herein that the trial court did not make the necessary findings to impose consecutive sentences. Specifically, appellant alleges that the trial court's finding that "consecutive sentences were necessary to protect the public" was insufficient in that it did not identify whether the court intended specific deterrence or general deterrence in imposing appellant's sentence. Therefore, appellant requests that his sentence be vacated.
 {¶ 6} On review, a sentence imposed by a trial court will not be disturbed absent a showing by clear and convincing evidence that the sentence is unsupported by the record; the procedure of the sentencing statutes was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. See R.C. 2953.08(G).
 {¶ 7} Before consecutive sentences may be imposed, the trial court is required to make several findings in accordance with R.C. 2929.14 and R.C. 2929.19. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender." R.C. 2929.14(E)(4). Second, the court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public." Id. Finally, the trial court must find the existence of one of the three following circumstances:
(a) the offender committed one or more of the multiple offenses whilethe offender was awaiting trial or sentencing * * * or was underpost-release control for a prior offense;
 (b) * * * the harm caused by * * * the multiple offenses was so greator unusual that no single prison term for any of the offenses committedas part of a single course of conduct adequately reflects the seriousnessof the offender's conduct;
 (c) the offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender. R.C. 2929.14(E)(4).
 {¶ 8} In addition to these findings, the trial court must give its reasons for imposing consecutive sentences. See R.C. 2929.19(B)(2)(c). Therefore, the trial court must not only make the required findings under R.C. 2929.14(E)(4), but must also substantiate those findings by "identifying specific reasons supporting the imposition of consecutive sentences." State v. Brice (March 29, 2000), 4th Dist. No. 99CA21.
 {¶ 9} In the case sub judice, the trial court made the following findings:
I find that the consecutive nature of the structure of the sentencingis necessary to protect the public and punish the defendant. I believethat consecutive terms are not disproportionate to the conduct of thedefendant. I would also point to the defendant's criminal history. Ibelieve that that shows that consecutive terms are needed to protect thepublic.
 {¶ 10} The trial court further explained how the appellant's criminal history affected the sentence imposed, noting that appellant had an increased likelihood of recidivism. The trial court specifically found that appellant had several prior convictions as an adult, including a prior drug trafficking conviction. The trial court further found that appellant had demonstrated a pattern of substance abuse and had not responded favorably to sanctions previously imposed, considering that appellant's prior convictions stemmed from drug sales and activity that occurred approximately four months after appellant completed a prior prison term.
 {¶ 11} We find that in imposing consecutive sentences, the trial court did not act contrary to law. The trial court made all the required findings and, additionally, stated its reasons for choosing to sentence appellant to consecutive terms. Therefore, we hold that the trial court satisfied the mandates of R.C. 2929.14(E) and R.C. 2929.19(B).
 {¶ 12} Accordingly, appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II Sentencing in this case violated the Apprendi doctrine as explained inBlakely v. Washington and was, therefore, unconstitutional.
 {¶ 13} In his second assignment of error, appellant claims that his sentence was unconstitutional in light of the United States Supreme Court's decisions in Apprendi v. New Jersey (2000), 530 U.S. 466 andBlakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531. The court inApprendi held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Id. at 490. In Blakely, the court held that, for purposes ofApprendi, the relevant statutory maximum is the "maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant." Id. at syllabus. Appellant asserts that because the issue of whether he posed a greater likelihood of recidivism, warranting the imposition of consecutive sentences, was not decided by a jury, his sentence is unconstitutional.
 {¶ 14} Recently, this court released an opinion on the applicability of Blakely and determined that Blakely is not applicable to Ohio's statutory scheme. See State v. Trubee (2005), 3d Dist. No. 9-03-65. InTrubee, we recognized the differences between the judicial fact-finding found unconstitutional in Blakely and the determinations that an Ohio sentencing court must make before imposing a sentence under Ohio law. We determined:
[u]nlike the Washington statute, the sentencing "range" created byR.C. 2929.14(B) is not "the maximum sentence a judge may impose solely onthe basis of the facts reflected in the jury verdict or admitted by thedefendant." Blakely, 124 S.Ct. at 2537. Rather, it limits a defendant'spotential sentence within the statutory range created by R.C. 2929.14(A).Put simply, the facts reflected in a jury verdict convicting a defendantof a third degree felony allow a sentence of up to five years. R.C.2929.14(B) merely limits judicial discretion in sentencing within thatrange. Trubee, id. at ¶ 23.
 {¶ 15} Even if the reasoning of Blakely were applicable to Ohio felony sentencing, we do not find that appellant's sentence is in conflict with that decision. The Apprendi and Blakely holdings concern the limitations for punishment for one conviction and have no application as to whether sentences for multiple, separate crimes should be served concurrently or consecutively. In the absence of such a holding, we find that the trial court's determination that appellant's sentences should be served consecutively was not a violation of Apprendi or Blakely.
 {¶ 16} Appellant's second assignment of error is, therefore, overruled.
 {¶ 17} Having found no error prejudicial to appellant herein, in the particulars assigned and argues, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant and Shaw, JJ., concur.